■ In the Matter of GEMEIL S., a Person Alleged to be a Juvenile Delinquent, Appellant.—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Esquirol, J.), dated April 16, 1990, which, upon a fact-finding order of the same court, dated March 26, 1990, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of attempted murder in the second degree, assault in the first degree, criminal possession of a weapon in the second degree, and criminal use of a firearm in the second degree (two counts), adjudged him a juvenile delinquent, and placed him with the New York State Division for Youth for a period of three years. The appeal brings up for review the fact-finding order dated March 26, 1990.

Ordered that the order is affirmed, without costs or disbursements.

The sole issue raised on this appeal is the claim that the Kings County District Attorney's office, acting as the presentment agency, failed to prove that the appellant intended to

kill or to seriously injure the victim when he shot him (Penal Law §§ 110.00, 125.25 [1]; § 120.10 [1]). The incident occurred on February 27, 1990, at the corner of Avenue J and East 48th Street in Brooklyn at about 6:40 P.M. The victim was walking with several friends when he was approached by the appellant, who began an argument concerning remarks the victim allegedly had made about him. The record indicates that the victim was willing to fight, inasmuch as he had to be restrained by one of his friends. The appellant then took a handgun from his pocket. The victim turned and ran, but after calling out, "come back here, you punk", the appellant chased him and fired two shots, one of which struck the victim in the back.

Viewing the evidence in the light most favorable to the presentment agency (see, People v Bracey, 41 NY2d 296, 302), we conclude that an inference of intent to kill, rather than one of mere recklessness, could reasonably have been drawn by the Family Court as the finder of fact. Although the stories told by the eyewitnesses who testified at the fact-finding hearing varied slightly as to details, a consistent picture emerged of a very deliberate and near-fatal confrontation initiated by the appellant, who had a loaded gun on his person. The court could have found that the production of the weapon indicated a conscious desire to make some use of that weapon, and that shooting the fleeing victim in the back was not an act of recklessness occasioned by the appellant's frustration in losing an opportunity for a fight. It strains credulity to accept the appellant's position that his purpose in firing the weapon was limited to keeping the victim in the area. Upon the exercise of our factual review power, we are satisfied that the finding of guilt is not against the weight of the evidence (see, CPL 470.15 [5]). Mangano, P. J., Balletta, Lawrence and Copertino, JJ., concur.